# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| DAVID LEE CAVINS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MASTEC NETWORK SOLUTIONS, LLC and MASTEC RENEWABLES PUERTO RICO, LLC<br><br>    Defendants. | FILE NO. 1:19-cv-23227-CMA<br><br>JURY TRIAL DEMANDED<br><br>CLASS/COLLECTIVE ACTION<br><br>PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## PLAINTIFF'S AMENDED COMPLAINT

### SUMMARY

1.	David Lee Cavins (Cavins) brings this lawsuit to recover unpaid overtime wages and other damages from MasTec Network Solutions, LLC and MasTec Renewables Puerto Rico, LLC (collectively, "MasTec") under the provisions of section 216(b) of the Fair Labor Standards Act (FLSA), as amended 29 U.S.C. §§ 201, *et seq.* and the Puerto Rico Wage Payment Statute (PRWPS), 29 L.P.R.A. §§ 171, *et seq.*, §§ 250, *et seq.*, and §§ 271, *et seq.*

2.	Cavins and those similarly situated regularly worked for MasTec in excess of 40 hours each week. As shown below, MasTec failed to properly compensate Cavins and all other similarly situated workers.

3.	Instead, during the relevant time period MasTec paid Cavins, and other workers like him the same hourly rate for all hours worked, including those hours over 40 in a workweek (or, "straight time for overtime").

1

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any sub-class pursuant to 28 U.S.C. § 1367.

7. MasTec is headquartered in this district and division. *See* http://www.mastec.com/contact/ (Last visited July 17, 2019).

## PARTIES

8. Cavins is a resident of Texas. His written consent is attached as Exhibit A.

9. Cavins worked as a Lineman for MasTec from January 2018 until February 2018 in Puerto Rico.

10. Cavins rebuilt power lines that were destroyed in the wake of Hurricane Irma and Maria.

11. Cavins was an hourly employee of MasTec.

12. Cavins was not paid a salary.

13. Cavins was paid the same hourly rate regardless of the number of hours he worked.

14. Cavins was not paid overtime for hours worked over 40 in a workweek.

15. Cavins brings this action individually and on behalf of all other similarly situated workers who were paid straight time for overtime by MasTec. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "FLSA Class"):

**All employees of MasTec who were paid straight time for overtime.**

16. Cavins further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

17. Cavins also brings this action on behalf of themselves and on behalf of the Puerto Rico Class:

> **All employees of MasTec who were paid a straight time for overtime in Puerto Rico.**

18. The FLSA Class Members and Puerto Rico Class Members are collectively referred to as the "Putative Class Members."

19. Defendant MasTec Network Solutions, LLC is a Florida Limited Liability Company that can be served through its registered agent Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301.

20. Defendant MasTec Renewables Puerto Rico, LLC is a Puerto Rico Limited Liability Company that can be served through its registered agent Strategic Solutions, Inc. at Chartis Building, 250, Munoz Rivera Avenue, Suite 1400, Hato Rey, Puerto Rico 00918.

## COVERAGE UNDER THE FLSA

21. At all times hereinafter mentioned, MasTec has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, MasTec has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, MasTec has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as construction equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Cavins and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

25. At all times hereinafter mentioned, MasTec has been an employer within the meaning of 29 L.P.R.A. § 250b.

26. At all times hereinafter mentioned, Cavins and the Putative Class Members were employees within the meaning of 29 L.P.R.A. § 250b.

## FACTS

27. Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments (including Puerto Rico Electric Power Authority) implemented programs to provide aid and repairs to Puerto Rico.

28. MasTec is a full service Infrastructure, Construction Company centering on most facets of the utility industry.

29. To implement this work, the MasTec hired workers such as Calvins to perform skilled and manual labor to restore power lines in Puerto Rico.

30. MasTec paid Cavins and the Putative Class Members the same hourly rate for all hours worked and regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

31. The MasTec's pay practices violate the FLSA and Puerto Rico wage laws.

32. Cavins and the Putative Class Members generally provided labor and construction services in connection with restoration of power in Puerto Rico after the hurricanes.

33. Cavins and the Putative Class Members had no power to hire or fire other workers.

All aspects of their work were controlled by MasTec. MasTec retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Cavins and the Putative Class Members, and it controlled all aspects of Cavins and the Putative Class Members' job activities.

34. MasTec set Cavins and the Putative Class Members' rates of pay and work schedule.

35. The job functions of Cavins and the members of the Putative Class were primarily manual labor/technical in nature, requiring little to no official training or other advanced degree.

36. The members of the Putative Classes did not have any supervisory or management duties. Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to construction and infrastructure support in Puerto Rico's recovery efforts.

37. All of the members of the Putative Class performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

38. The members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, MasTec paid the members of the Putative Classes straight time for overtime.

39. MasTec's policy of failing to properly pay its employees, including Cavins, violates the FLSA because these workers are employees performing non-exempt job duties.

### FLSA VIOLATIONS

40. As set forth herein, MasTec has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less

than 1 and ½ times the regular rates for which they were employed.

41. MasTec knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. MasTec's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

42. Accordingly, Cavins and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

### PUERTO RICO VIOLATIONS

43. Cavins brings this claim under Puerto Rico law as a Rule 23 class action.

44. Puerto Rico law requires employers like MasTec to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. MasTec was subject to Puerto Rico Law and Cavins and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

45. MasTec has violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

46. Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages.  MasTec made illegal deductions from the wages of Cavins and the Puerto Rico Class Members.  These deductions were not authorized and were done willfully.

47. Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday.  MasTec regularly and willfully failed to properly pay Cavins and the Puerto Rico Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees

for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

48.     Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge.  Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law.  "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b.  MasTec willfully violated these statutes when Cavins or the Puerto Rico Class Members were terminated without just cause and not paid the required severance.

49.     Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage.  On several occasions, MasTec failed to pay members of the class for hours worked.  These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work.  MasTec willfully violated these sections by failing to pay Cavins and the Puerto Rico Class Members for all hours worked.

50.     Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week.  All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime.  29 L.P.R.A. § 273(a), §274.  MasTec willfully violated these sections by failing to properly compensate Cavins and the Puerto Rico Class Members for all hours actually worked in excess of eight per day or forty per week.  Cavins and the Puerto Rico Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

51.     Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers.  All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work.  An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the

employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.* MasTec willfully violated this section by requiring or failing to allow Cavins and the Puerto Rico Class Members their regular meal periods.

52. Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* MasTec employed the requisite number of workers, but willfully failed to pay a bonus to those Puerto Rico Class Members who qualified.

53. As a result of MasTec's willful violations of the applicable Puerto Rico Labor Laws, Cavins and the Puerto Rico Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

54. Accordingly, Cavins and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## STATEMENT OF CLAIM

55. Because the litigation of this matter is ongoing and Defendant has yet to provide Plaintiff with complete and accurate records of Plaintiff's pay and time records, the following information represents an estimate based on Plaintiff's recollection of his regular schedule and overtime hours worked throughout the duration of his employment with Defendants. These estimates may vary depending on the information obtained during the discovery phase of this matter, including a review of any and all pay and time records in Defendants' possession, the deposition testimony of the Corporate Representative(s) of Mastec Network Solutions, LLC and/or

Mastec Renewables Puerto Rico, LLC, and the record testimony of any fact witnesses that are deposed in this case. Accordingly, Plaintiff states the following:

56. Plaintiff was employed by Defendants from approximately January 2018 until May 2018 as a non-exempt Lineman. During the period of Plaintiff's employment (approximately 21 weeks), Plaintiff was paid straight time for his hours worked over forty (40) each workweek. Plaintiff estimates that he worked an average of 83 hours each workweek. Accordingly, Plaintiff is entitled to additional compensation for approximately 43 overtime hours each workweek and estimates his damages as follows:

### HALF-TIME CALCULATION

$81.00 per hour (regular rate) x .5 = $40.50 (half-time premium) x 43 overtime hours per workweek = $1,741.50 x 21weeks = **$36,571.50** (unliquidated)

57. Plaintiff seeks full payment of all actual overtime wages owed, an equal amount in liquidated damages, and the reasonable attorneys' fees and costs incurred on his behalf during this litigation of this matter.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

58. Cavins incorporates all previous paragraphs and alleges that the illegal pay practices MasTec imposed on Cavins were likewise imposed on the Putative Class Members.

59. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico law.

60. Numerous other individuals who worked with Cavins indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

61. Based on their experiences and tenure with MasTec, Cavins is aware that MasTec's illegal practices were imposed on the Putative Class Members.

62. MasTec's failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

63. Cavins' experiences are therefore typical of the experiences of the Putative Class Members.

64. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

65. Cavin has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Cavin has an interest in obtaining the unpaid overtime wages owed under federal law.

66. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and MasTec will reap the unjust benefits of violating the FLSA and Puerto Rico law.

68. Furthermore, even if some of the members of the Putative Class could afford individual litigation against MasTec, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether MasTec employed the members of the Classes within the meaning of the FLSA or Puerto Rico Law;

    b) Whether MasTec's decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

    c) Whether MasTec's decision to pay employees straight time for overtime was made in good faith;

    d) Whether MasTec's violation of the FLSA was willful; and

    e) Whether MasTec's illegal pay practices were applied uniformly to all members of the Classes.

71. Cavins' claims are typical of the claims of the Putative Class Members. Cavin and the Putative Class Members sustained damages arising out of MasTec's illegal and uniform employment policy.

72. Cavin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

74. Cavin demands a trial by jury.

## RELIEF SOUGHT

75. WHEREFORE, Cavin prays for judgment against MasTec as follows:

    a. For an Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely

    FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding MasTec liable for unpaid back wages due to Cavins and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the Puerto Rico Class as a class pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Cavins and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:  August 20, 2019    Respectfully submitted,

    ***/s/ Andrew R. Frisch***
    Andrew R. Frisch
    Florida Bar No. 27777
    **Morgan & Morgan, P.A.**
    8151 Peters Road, 4th Floor
    Plantation, Florida 33324
    T: 954-WORKERS; F: 954-327-3013
    AFrisch@ForThePeople.com

    Andrew W. Dunlap
    Texas Bar No. 24078444
    Michael A. Josephson
    Texas Bar No. 24014780
    Richard M. Schreiber
    State Bar No. 24056278
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    T: 713-352-1100; F: 713-352-3300
    mjosephson@mybackwages.com

adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
T: (713) 877-8788; F: (713) 877-8065
rburch@brucknerburch.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20h day of August 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

**/s/ Andrew R. Frisch**
Andrew R. Frisch